UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHNNY LUNA                                    CIVIL ACTION

VERSUS                                         NUMBER: 10-3641

JUDGE OF THE LOUISIANA FIFTH                   SECTION: "I"(5)
CIRCUIT COURT OF APPEALS,
SUSAN CHEHARDY; ET AL.

## REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed in forma pauperis ("IFP") by pro se plaintiff, Johnny Luna, against defendants, some fifteen present or former judges of the Louisiana Fifth Circuit Court of Appeal. Having screened plaintiff's complaint as required by 28 U.S.C. §1915A(a), it is recommended, for the reasons that follow, that the complaint be dismissed as frivolous, malicious, and/or for failure to state a claim upon which relief may be granted under 28 U.S.C. §§1915(e)(1)(B) and 1915A(b) and 42 U.S.C. §1997e(c)(1).  (Rec. doc. 1).

Plaintiff Luna is a state prisoner who is serving two

consecutive eighty-year sentences following his June 26, 1997 conviction on two counts of forcible rape and his adjudication as a multiple offender. See Luna v. Cain, 2006 WL 3469545 (E.D. La. Nov. 27, 2006), cert. of appealability denied, No. 06-31294 (5th Cir. Nov. 6, 2007)(unpublished order), cert. denied, 552 U.S. 1301, 128 S.Ct. 1751 (2008).   Just like he did in a previous lawsuit against the same fifteen judges and others and in which he was joined by two other plaintiffs, Luna alleges that his constitutional rights were violated by the failure of the judges of the Louisiana Fifth Circuit to follow the applicable provisions of state law when considering and denying his pro se post-conviction writ application.[1] Luna, et al. v. Kliebert, et al., 2009 WL 2175773 (E.D. La. July 17, 2009), aff'd, 368 Fed.Appx. 500 (5th Cir. 2010).   The only allegations presented in Luna's complaint which embrace events that occurred subsequent to the dismissal of his previous lawsuit are that three of the named defendant judges are purportedly the subjects of a criminal investigation as well as an

---

[1] The Court and the District Judge are well aware of the background facts that underlie this and plaintiff's previous lawsuit, which facts came to light following the death of Jerrold Peterson, the Louisiana Fifth Circuit's Central Staff Director. See Severin v. Parish of Jefferson, et al., 2009 WL 1107713 (E.D. La. Apr. 23, 2009), aff'd, 357 Fed.Appx. 601 (5th Cir. 2009), cert. denied, ___ U.S. ____, 130 S.Ct. 3291 (2010).   See also Smith v. Judges of La. Fifth Circuit Court of Appeal, 2009 WL 78430 (E.D. La. Jan. 9, 2009).

investigation being conducted by the Louisiana Judiciary Commission. (Complt. at p. 7).[2] In his prayer for relief, Luna asks: 1) that his writ application which is pending before the Louisiana courts be removed to and reviewed by this Court or that he be released from custody[3]; 2) that he be afforded an opportunity to amend and/or supplement the allegations presented in his complaint if the Court considers dismissing it; 3) that he be furnished a copy of all pleadings filed in a case pending before the Louisiana Twenty-Fifth Judicial District Court; 4) that he be granted an evidentiary hearing; 5) that his complaint alternatively be construed as a request for habeas corpus relief; 6) that the Louisiana Supreme Court and the Louisiana Fifth Circuit be enjoined from acting on his writ application which remains pending before the latter tribunal under docket No. 08-WR-1097 pursuant to a transfer order issued by the former tribunal under docket No. 2008-KH-1760, State ex rel. Luna v. State, 994 So.2d 14 (La. 2008),

---

[2] Plaintiff additionally complains that three petitions for writ of mandamus that he "recently" submitted to the Louisiana Supreme Court were returned to him unfiled by one of that tribunal's employees. (Complt. at p. 8). However, that employee is not named as a defendant in this lawsuit.

[3] Pursuant to the procedures established in State v. Cordero, 993 So.2d 203, 207(La. 2008), Luna's Supreme Court writ application was transferred to the Louisiana Fifth Circuit for consideration where it remains pending under docket No. 08-WR-1097. See State ex rel. Luna v. State, 994 So.2d 14 (La. 2008), reh'g. denied, 1 So.3d 470 (La. 2009).

3

reh'g. denied, 1 So.3d 470 (La. 2009); and, 7) that he be appointed counsel in this matter.  (Complt. at p. 10).

With the exception of plaintiff's allegations regarding the investigations he claims are ongoing, his complaint in this matter is essentially the same as that which he litigated in his previous lawsuit here against the same fifteen judges and others.  In that regard, the Fifth Circuit has held that repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. §1915(e)(2)(B)(i)(formerly 28 U.S.C. §1915(d)) as being malicious.  Pittman v. Moore, 980 F.2d 994 (5th Cir. 1993); Wilson v. Lynaugh, 878 F.2d 846, 850 (5th Cir.), cert. denied, 493 U.S. 969, 110 S.Ct. 417 (1989); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988).  Dismissal of this matter on that basis alone is thus appropriate.

As respects the various forms of relief sought by plaintiff in this matter the suggested removal of Luna's criminal-related proceedings to this Court is inappropriate as he makes no allegation that his civil rights were violated for racial reasons. Robertson v. Ball, 534 F.2d 63, 66 (5th Cir. 1976)(quoting Johnson v. Mississippi, 421 U.S. 213, 219, 95 S.Ct. 1591, 1595 (1975)); State of Mississippi v. McCollum, 513 F.2d 285, 286 (5th Cir. 1975). Luna's protestations to the contrary notwithstanding, the legality of his conviction has already been passed upon by this court

4

pursuant to a consolidated habeas corpus petition, by the United States Court of Appeals for the Fifth Circuit in declining to issue him a certificate of appealability, and by the United States Supreme Court via a petition for writ of certiorari. <u>Luna v. Cain</u>, 2006 WL 3469545 (E.D. La. Nov. 27, 2006), <u>cert</u>. <u>of appealability denied</u>, No. 06-31294 (5th Cir. Nov. 6, 2007)(unpublished order), <u>cert</u>. <u>denied</u>, 552 U.S. 1301, 128 S.Ct. 1751 (2008).  That being the case, it would be inappropriate to construe this matter as a request for habeas corpus relief because Luna has not obtained authorization from the Fifth Circuit to file a successive habeas petition as required by 28 U.S.C. §2244(b)(3).  <u>See Luna</u>, 2009 WL 2175773 at *6.  Moreover, Congress has prescribed specific forms for state prisoners who are seeking federal habeas corpus relief and the use of these forms is required.  Rule 2(d), Rules Governing Section 2254 Cases in the United States District Courts; Appendix of Forms, Rules Governing Section 2254 Cases.  And because federal courts, as courts of original jurisdiction, possess no supervisory powers over state courts, the Court is unable to enjoin any Louisiana tribunals from acting upon the matters that are properly before them.  <u>See Liedtke v. State Bar of Texas</u>, 18 F.3d 315, 317 (5th Cir.), <u>cert</u>. <u>denied</u>, 513 U.S. 906, 115 S.Ct. 271 (1994); <u>Hale v. Harney</u>, 786 F.2d 688, 690-91 (5th Cir. 1986); <u>Hagerty V Succession of Clement</u>, 749 F.2d 217, 220 (5th Cir. 1984), <u>cert</u>.

5

denied, 474 U.S. 968, 106 S.Ct. 333 (1985).  Luna is otherwise not entitled to amend his complaint, to an evidentiary hearing, to appointment of counsel, or to free copies of documents generated in a state court proceeding.

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed with prejudice pursuant to 28 U.S.C. §§1915(e)(1)(B) and 1915A(b) and 42 U.S.C. §1997e(c)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  26th  day of ___October___,
2010.


ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE